No. 33　　　January 24, 2024　　　237

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of Z. M.-S. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. D. L.,
*Appellant.*

Yamhill County Circuit Court
22JU00315; A181544 (Control)

In the Matter of L. R.-M. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner,*

*v.*

M. D. L.,
*Appellant.*

Yamhill County Circuit Court
22JU00316; A181545

In the Matter of N. Z.-D. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

N. Z.-D. L.,
*Respondent,*

*v.*

M. D. L.,
*Appellant.*

Yamhill County Circuit Court
22JU00317; A181546

Cynthia Kaufman Noble, Judge.

Submitted November 16, 2023; on the joint Motion for Expedited Decision filed October 17, 2023.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Ginger Fitch filed the brief for respondent N. Z.-D. L.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded; motion to expedite denied as moot.

**TOOKEY, P. J.**

In this consolidated juvenile dependency proceeding, father appeals judgments that changed the permanency plan for each of his three children, Z, L, and N, from reunification to adoption. He raises six assignments of error. In his first through third assignments of error, father contends, with respect to each of the three children, that the juvenile court "erred in ruling that the [Department of Human Services's (DHS)] efforts to reunify the family qualified as reasonable." We do not reach those assignments of error, as father's case is resolved on father's fourth through sixth assignments of error.

In his fourth through sixth assignments of error, father contends that the juvenile court erred when it barred father's counsel from participating in the final part of the permanency hearing on father's behalf, when father himself was not physically present in the courtroom. The state agrees with father that the juvenile court erred in barring father's counsel from participating in the permanency hearing and joins father in requesting that we reverse the juvenile court's judgments and remand for a new hearing.[1]

We agree, and therefore reverse and remand.

## BACKGROUND

The material facts are procedural and undisputed. After a hearing in May 2022, the juvenile court entered judgments asserting jurisdiction over father's three children, Z, L, and N, following a series of admissions by father related to substance abuse and domestic violence. Between May 2022 and January 2023, DHS worked with father to provide services. In January 2023, the juvenile court conducted a hearing regarding a DHS request to change the children's permanency plans from reunification to adoption. Father argued that DHS efforts to reunify the family did not, at that point, qualify as reasonable, because DHS had yet to offer father a psychological evaluation. The juvenile

---

[1] Child N has also filed a response in this case, agreeing with father and the state that the juvenile court erred in barring father's counsel from participating in the hearing. Child N also agrees that if preservation is required in this case, the error is plain, and we should exercise our discretion to correct the error. We note Child N's response, but we refer to only the state in the text of the opinion.

court then ordered a 90-day continuance for father to participate in a psychological evaluation. Father completed the psychological evaluation in March 2023.

The permanency hearing resumed in April 2023. At that time, the doctor who had conducted father's psychological evaluation had not provided a report or diagnosis for father. During the first part of the April hearing, that doctor testified as to the contents of his unfinished report, including multiple diagnoses and treatment recommendations. Father was present in the courtroom and personally participated during the first part of the permanency hearing. Father also requested that the court allow his attorney to withdraw and appoint him a new attorney, a request that the court denied. The court then took a recess, and father did not return to the courtroom after that recess.

After the recess, a DHS caseworker testified about the family's status, responding to questions posed by attorneys representing DHS and two of the three children, as well as by the court. The court then notified father's counsel, who was still present in the courtroom, as follows:

"The Court: And I don't—I don't think we can have you ask any questions, [father's counsel], but we'll just put on the record that you're still here and you're still listening to the testimony so I will bring it back to you, [counsel for DHS]."

Subsequently, after the attorneys for DHS and for each of the three children presented their closing arguments, father's counsel made the following request:

"[Father's Counsel]:   This is not a closing argument, but can I just add one thing, Your Honor?"

The court then allowed father's counsel to express father's position related to restraining orders proposed by the children's attorneys.

The court then determined that DHS's efforts to reunify the family had been reasonable and entered judgments changing the children's permanency plans from reunification to adoption. Father now appeals those judgments.

ANALYSIS

As noted above, father raises six assignments of error on appeal. We do not reach the merits of father's first through third assignments of error, as we resolve father's case on his fourth through sixth assignments of error. In his fourth through sixth assignments of error, father argues that he "was entitled to appear at the permanency hearing through counsel," and therefore that "the juvenile court erred in barring [father's] counsel from participating in the hearing as a sanction for father's not personally appearing." Father contends that, in preventing his counsel from questioning a witness and from delivering a closing statement, the juvenile court violated father's statutory rights under ORS 419B.875(2),[2] which include the right of a party to a juvenile proceeding to "participate in hearings." The state agrees that the juvenile court erred in barring father's counsel from participating in the permanency hearing on father's behalf even when father himself was not present. As explained below, we agree.[3]

Before reviewing the error that father alleges in his fourth through sixth assignments, we first consider whether the alleged error was preserved for review on appeal. ORAP 5.45(1). Father contends that he "was not required to preserve

[2]  ORS 419B.875(2) provides, in pertinent part:

"The rights of the parties include, but are not limited to:

"(a) The right to notice of the proceeding and copies of the petitions, answers, motions and other papers;

"(b) The right to appear with counsel and, except for intervenors under subsection (1)(b) of this section, to have counsel appointed as otherwise provided by law;

"(c) The right to call witnesses, cross-examine witnesses and participate in hearings;

"(d) The right of appeal; and

"(e) The right to request a hearing."

[3]  Father also argues that the juvenile court violated his due process right to a fundamentally fair proceeding and his right under ORS 419B.875(2)(b) to "appear with counsel" during the permanency hearing. We need not reach those arguments, because we resolve this appeal on the basis that the juvenile court violated father's statutory right to participate under ORS 419B.875(2)(c).

Additionally, the state, Child N, and father filed a joint motion requesting "that this court immediately take the matter under submission, accept respondents' concessions, and expedite its decision in this appeal." We deny that motion as moot.

an objection to the court's ruling to disallow his counsel from participating in the hearing and thereby require father to proceed without the assistance of counsel," citing *Dept. of Human Services v. S. C. P.*, 262 Or App 373, 324 P3d 633 (2014)*. S. C. P.* does not support father's position.

In *S. C. P.*, the juvenile court denied the mother's motion to set aside relinquishment of her parental rights after the mother's counsel moved to withdraw and declined to assist the mother in the courtroom. *Id*. at 379-80. We vacated and remanded on the ground that, without effective assistance of counsel, the mother had not had the benefit of a fundamentally fair proceeding. *Id*. at 384. We did not discuss preservation. *See, generally, id*.

This case is not like *S. C. P.* In this case, father was represented by counsel, and father's counsel continued to advocate for father—to the extent the court allowed—even after father left the courtroom. Consequently, father was not excused from preserving an objection to the court's ruling barring his counsel from participating in the hearing. And father did not preserve that issue for appeal, because father never raised any objection to the juvenile court's ruling barring his counsel from advocating on his behalf.

Father asks that, if we determine that preservation requirements were not met in this case, we conduct plain error review. Under ORAP 5.45(1), this court may consider an unpreserved allegation of error if we (1) determine that the error is plain error and (2) decide to exercise our discretion to review and correct that plain error. *State v. Vanornum*, 354 Or 614, 629-30, 317 P3d 889 (2013).

We turn to the question of whether the juvenile court plainly erred when it barred father's counsel from advocating on father's behalf in the permanency hearing. "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Id*. at 629. For the following reasons, we conclude that the juvenile court plainly erred.

A parent is a "part[y] to proceedings in the juvenile court." ORS 419B.875(1)(a)(B). In the context of a

permanency proceeding, we have considered the meaning of the right of a party "to participate in hearings" under ORS 419B.875(2)(c), and stated that that right, in addition to the right "to call witnesses" specified in that paragraph, "includes the right to testify [on] the party's own behalf." *Dept. of Human Services v. D.J.*, 259 Or App 638, 643-44, 314 P3d 998 (2013). We have noted that "[p]articipating in a hearing solely through counsel cannot substitute for partic-ipating as a witness if a party wishes to offer his or her own testimony[.]" *Id.* at 644; *see also Dept. of Human Services v. A. E. R.*, 278 Or App 399, 404, 374 P3d 1018 (2016) (sum-marizing and quoting *D. J.*). We have also noted another right that is specified in ORS 419B.875(2)(b), the "right to appear with counsel." *D. J.*, 259 Or App at 644. And, the right to "participate in hearings" under ORS 419B.875(2)(c) includes "the right to consult with counsel about strategic evidentiary decisions and to complete the presentation of his evidence." *A. E. R.*, 278 Or App at 406. In sum, we have examined the text and context of those statutory provisions and understood them to ensure the participation of parents in permanency hearings.

We are not aware of any statute or other source of law that requires a parent to be physically present in the courtroom during a permanency hearing in order for the parent to exercise that right through counsel. In contrast, in the context of a juvenile proceeding to establish depen-dency jurisdiction, ORS 419B.815(8)[4] provides that "[i]f the summons requires [a] person to appear personally before the court, or if a court orders the person to appear person-ally at a hearing * * *, the person may not appear through the person's attorney," except in certain circumstances. *See Dept. of Human Services v. S. C. T.*, 281 Or App 246, 261, 380 P3d 1211 (2016), *rev den*, 360 Or 752, 360 Or 851 (2017) ("Although an attorney may attend the hearing, the attorney does not provide a parent an opportunity to appear *sub rosa*

---

[4] ORS 419B.815(8) provides:

"If the summons requires the person to appear personally before the court, or if a court orders the person to appear personally at a hearing in the manner provided in ORS 419B.816, the person may not appear through the person's attorney, unless the person is the child at issue in the proceeding who has been served with summons in accordance with ORS 419B.839 (1)(f)."

to make objections while the parent is in violation of the court's order to attend personally."). And, in the context of a proceeding to establish permanent guardianship or to terminate parental rights, ORS 419B.819(8)[5] provides that "[i]f the summons requires the parent to appear personally before the court, or if a court orders the parent to appear personally at a hearing ***, the parent may not appear through the parent's attorney." *See Dept. of Human Services v. M. L. B.*, 283 Or App 911, 913, 391 P3d 999 (2017) ("ORS 419B.819(8) barred mother's attorney from taking action on her behalf at the termination trial when mother failed to appear at trial."); *see also State v. Lobue*, 300 Or App 340, 345, 453 P3d 929 (2019) (explaining that "to appear" is a term of art in Oregon law, "meaning appearance personally or through counsel," and that unless a statute or agreement explicitly specifies that a party must, themselves, "appear personally" in court, a party may "appear" through counsel).

But there is no similar bar to a parent participating through the parent's counsel during a permanency hearing when the parent is not present. ORS 419B.470 - 419B.476.

As noted above, the legislature has specified situations in which a parent must appear before the court, and permanency hearings are not among those that have been specified. Nor does any other source of law so specify. We therefore conclude that the juvenile court violated father's statutory right under ORS 419B.875(2)(c) to participate in the permanency hearing when it prevented father's counsel from questioning a key witness and from making a closing argument on father's behalf when father was no longer present in the courtroom. And we conclude that that is an error of law that is obvious and not reasonably in dispute, and also apparent on this record.[6]

---

[5] ORS 419B.819(8) provides:

"If the summons requires the parent to appear personally before the court, or if a court orders the parent to appear personally at a hearing in the manner provided in ORS 419B.820, the parent may not appear through the parent's attorney."

[6] We note that the parties have not pointed us to any pertinent legislative history. Nor have we independently sought such legislative history, as it is unnecessary for us to do so in this case, in light of the text of ORS 419B.875(2)(c) and its context. ORS 174.020(3) ("A court may limit its consideration of legislative history to the information that the parties provide to the court."); *see also*

　　We now consider whether we should exercise our discretion to correct that error. ORAP 5.45(1). "That discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case." *Vanornum*, 354 Or at 630. "Ultimately, a decision to review a plain error is one to be made with the 'utmost caution' because such review undercuts the policies served by the preservation doctrine." *Id*. at 630-31 (quoting *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991)).

　　Initially, and as a general matter, we observe that a parent's statutory right under ORS 419B.875(2)(c) to participate in proceedings serves the interests of all parties to a permanency hearing, not just parents. The legislature has recognized that "there is a strong preference that children live in their own homes with their own families" and that it is in the interest of the state to help children return to their families, if at all possible, given the best interests of the children. ORS 419B.090(5). Further, a change in permanency plan from reunification to adoption, as occurred here, has the effect that "a parent seeking dismissal bears the burden of proving, by a preponderance of the evidence, that the jurisdictional bases no longer pose a current threat of serious loss or harm to the child that is likely to be realized," *Dept of Human Services v. T. L.*, 279 Or App 673, 692, 379 P3d 741 (2016), and allows DHS to file a petition to terminate the parental rights of a child's parent, ORS 419B.498(3).

　　Moreover, and in this case in particular, the juvenile court's ruling prevented father's counsel from eliciting testimony from the DHS caseworker—testimony that may have been particularly important given that the court and the parties had just heard, for the first time, the results of father's psychological evaluation. The ruling also prevented father's counsel from advocating during closing argument that DHS had yet to provide father with the services that father would need to address his mental health issues.

---

*Baldwin v. Seida*, 297 Or App 67, 76, 441 P3d 720, *rev den*, 365 Or 769 (2019) ("We need not exercise our discretion to seek legislative history, particularly when unnecessary.").

For those reasons, we exercise our discretion to correct the juvenile court's plain error.

Reversed and remanded; motion to expedite denied as moot.